# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| ARTHUR LEE MEMMINGER, ) | |
| ) | No. 2:03-0709 |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| _____ ) | |

This matter is before the court on petitioner Arthur Lee Memminger's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, or in the alternative, a motion for summary judgment. For the reasons set forth below, petitioner's motion is denied, and the government's motion for summary judgment is granted.

## I. BACKGROUND

Petitioner pled guilty on December 2, 2003 to possession of five grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C). The court found that petitioner's prior convictions for possession of heroin and possession of cocaine qualified petitioner for an enhanced sentence under 21 U.S.C. § 851 and the Federal Sentencing Guidelines. The court sentenced petitioner to 120 months' imprisonment on April 29, 2004. Petitioner appealed; the Fourth Circuit affirmed his sentence and conviction on August 24, 2005. On February 1, 2012, petitioner filed this motion arguing that there had been a subsequent change in law which affected his substantive rights. The government responded to petitioner's motion on May 4, 2012, and moved to dismiss the claim, or

in the alternative, for summary judgment. Petitioner filed a response in opposition on May 18, 2012.

According to Memminger, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), have prompted a retroactive change in law that invalidates the court's use of Memminger's prior convictions to enhance his sentence, rendering his current sentence in violation of due process. Memminger was sentenced to two years' imprisonment for possession of heroin and two years' imprisonment for possession of cocaine (to be served concurrently), but served only seven months. Memminger argues that, under the new rule effected by Simmons and Carachuri, because he did not actually serve a sentence of more than one year in prison for his prior convictions, these prior convictions no longer support the enhancement to his sentence.

## II.  STANDARDS

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Memminger bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the party moving for

summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A mere "scintilla" of evidence will not preclude summary judgment, however. Id. at 262.

### III.   DISCUSSION

Petitioner faces numerous procedural obstacles, however, because his motion clearly fails on the merits, the court need not address these issues.

In overturning the district court's United States v. Thompson, 826 F. Supp. 2d 863 (E.D.N.C. 2011), decision, the Fourth Circuit explained that:

> Pursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony . . ., the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a *potential* sentence of greater than one year of imprisonment. Thus, following Simmons, a court must analyze whether the particular defendant, rather than a defendant with the worst possible criminal history, *could have* received a sentence in excess of one year for the offense,

United States v. Thompson, 2012 WL 1592991, at *2 (emphasis added), for the crime of which he was "actually convicted." Carachuri, 130 S.Ct. at 2589.

Petitioner claims that because he did not actually serve one year or more of imprisonment for his prior offenses, they cannot count as prior felonies for the

purposes of his federal sentences.  Petitioner's actual convictions for possession of heroin and possession of cocaine each separately exposed petitioner to potential sentences of more than one year.  Indeed, petitioner was sentenced to two years of incarceration for *each* offense, though he served only seven months.  Whether or not a defendant was actually incarcerated for any time period is irrelevant to the determination of whether that defendant's prior crimes are "felonies" for the purposes of sentencing.

Petitioner's prior convictions were therefore undoubtedly "punishable" by imprisonment of more than one year, and are consequently valid bases for petitioner's enhanced sentence under 21 U.S.C. § 851 and the Federal Sentencing Guidelines. Petitioner's request for re-sentencing is therefore denied.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

---
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 22, 2012**
**Charleston, South Carolina**